RE: REQUEST FOR INFORMAL OPINION CONCERNING DISCLOSURE OF AIDS
ATTORNEY GENERAL HENRY HAS ASKED ME TO RESPOND TO YOUR LETTER DATED AUGUST 18, 1988, IN WHICH YOU ASKED WHETHER THE FOLLOWING QUESTION IS IN COMPLIANCE WITH HOUSE BILL 1798 RELATING TO THE DISCLOSURE OF AIDS:
 THE COMMISSION ON APRIL 13, 1988, DISCUSSED THE MATTER OF WHETHER OR NOT AN AGENT IS REQUIRED TO DISCLOSE AIDS (I.E. ACQUIRED IMMUNE DEFICIENCY SYNDROME), SUICIDE, OR MURDER TO A BUYER OR PROSPECTIVE BUYER OF REAL ESTATE. THE COMMISSION RULES STATE THAT A BROKER IS TO DISCLOSE TO A BUYER ANY KNOWN MATERIAL DEFECT REGARDING THAT PROPERTY. SINCE AIDS, SUICIDE, AIRPORT NEARBY, TRAINS, ETC., ARE NOT ACTUAL STRUCTURAL DEFECTS, THE COMMISSION STATED THAT, IF AN AGENT IS ASKED ABOUT SUCH MATTERS, THE AGENT SHOULD PUT FORTH HIS/HER BEST EFFORT IN TRYING TO OBTAIN THIS INFORMATION FOR THE BUYER, AND FAILING TO DO SO COULD RESULT IN A POSSIBLE RESCISSION OF THE CONTRACT.
HOUSE BILL NO. 1798, WHICH MODIFIES 25 O.S. 304 AND 25 O.S. 307, REQUIRES CERTAIN AGENCIES AND ORGANIZATIONS TO IMPLEMENT CERTAIN UNIVERSAL PRECAUTIONS CONCERNING COMMUNICABLE DISEASES.
HOWEVER, HOUSE BILL NO. 1580, WHICH BECAME EFFECTIVE MAY 12, 1989, AMENDS THE REAL ESTATE LICENSING CODE, 59 O.S. — 201 1987, ET SEQ., AND SPECIFICALLY RELATES TO DISCLOSURE REQUIRED IN REAL ESTATE TRANSACTIONS. SECTION 1 OF HOUSE BILL NO. 1580 PROVIDES AS FOLLOWS: "SECTION 1. NEW LAW A NEW SECTION OF LAW TO BE CODIFIED IN THE OKLAHOMA STATUTES AS SECTION 858-513 OF TITLE 59, UNLESS THERE IS CREATED A DUPLICATION IN NUMBERING, READS AS FOLLOWS:
 A. THE FACT OR SUSPICION THAT REAL ESTATE MIGHT BE OR IS PSYCHOLOGICALLY IMPACTED, SUCH IMPACT BEING THE RESULT OF FACTS OR SUSPICIONS, INCLUDING BUT NOT LIMITED TO:
 1. THAT AN OCCUPANT OF THE REAL ESTATE IS, OR WAS AT ANY TIME SUSPECTED TO BE INFECTED, OR HAS BEEN INFECTED, WITH HUMAN IMMUNODEFICIENCY VIRUS OR DIAGNOSED WITH ACQUIRED IMMUNE DEFICIENCY SYNDROME, OR OTHER DISEASE WHICH HAS BEEN DETERMINED BY MEDICAL EVIDENCE TO BE HIGHLY UNLIKELY TO BE TRANSMITTED THROUGH THE OCCUPANCY OF A DWELLING PLACE; OR,.
 2. THAT THE REAL ESTATE WAS, OR WAS AT ANY TIME SUSPECTED TO HAVE BEEN THE SITE OF A SUICIDE, HOMICIDE OR OTHER FELONY.
 B. NO CAUSE OF ACTION SHALL ARISE AGAINST AN OWNER OF REAL ESTATE OR SUCH OWNER'S AGENT OR AGENTS FOR THE FAILURE TO DISCLOSE TO THE TRANSFEREE OF SUCH REAL ESTATE OR THE TRANSFEREE'S AGENT OR AGENTS THAT SUCH REAL ESTATE WAS PSYCHOLOGICALLY IMPACTED AS PROVIDED FOR IN SUBSECTION A OF THIS SECTION.
 C. NOTWITHSTANDING THE FACT THAT THIS INFORMATION IS NOT A MATERIAL DEFECT OR FACT, IN THE EVENT THAT A PURCHASER OR LESSEE, WHO IS IN THE PROCESS OF MAKING A BONA FIDE OFFER, ADVISES THE OWNER'S AGENT, IN WRITING, THAT KNOWLEDGE OF SUCH FACTOR IS IMPORTANT TO HIS DECISION TO PURCHASE OR LEASE THE PROPERTY, AN AGENT SHALL MAKE INQUIRY OF THE OWNER AND REPORT ANY FINDINGS TO THE PURCHASER OR LESSEE WITH THE CONSENT OF THE OWNER AND SUBJECT TO AND CONSISTENT WITH APPLICABLE LAWS OF PRIVACY; PROVIDED FURTHER, IF THE OWNER REFUSES TO DISCLOSE, THE OWNER'S AGENT SHALL SO ADVISE THE PURCHASE OR LESSEE."
THEREFORE, THE ANSWER TO YOUR QUESTION MUST BE MADE BY ANALYZING HOUSE BILL NO. 1580. SECTION 1 OF HOUSE BILL 1580 SPECIFICALLY PROVIDES THAT THE FACT OR POSSIBILITY OF AIDS, SUICIDE OR MURDER OCCURRING ON THE REAL ESTATE PREMISES DOES NOT HAVE TO BE DISCLOSED IN A REAL ESTATE TRANSACTION. HOWEVER, BEFORE A REAL ESTATE BROKER OR SALES AGENT CAN DISCLOSE SUCH INFORMATION TO A POTENTIAL PURCHASER OR LESSEE OF REAL ESTATE, THE BROKER OR AGENT MUST OBTAIN A WRITTEN REQUEST FROM THE POTENTIAL PURCHASER OR LESSEE WHO IS IN THE PROCESS OF MAKING A BONA FIDE OFFER AND MUST HAVE THE OWNER'S CONSENT TO DISCLOSE SUCH INFORMATION.
THEREFORE, IT IS, MY OPINION THAT, PURSUANT TO HOUSE BILL NO. 1580, IN REAL ESTATE TRANSACTIONS, A REAL ESTATE BROKER OR SALES ASSOCIATE IS NOT REQUIRED TO DISCLOSE THE FACT OR SUSPICION THAT THE REAL ESTATE MIGHT BE OR IS PSYCHOLOGICALLY IMPACTED BY AIDS, HIV OR OTHER DISEASES WHICH HAVE BEEN MEDICALLY DETERMINED TO BE HIGHLY UNLIKELY TO BE TRANSMITTED THROUGH THE OCCUPANCY OF A DWELLING PLACE, OR THAT THE REAL ESTATE WAS OR MAY HAVE BEEN THE SITE OF A SUICIDE, HOMICIDE OR OTHER FELONY. A REAL ESTATE BROKER OR AGENT OF AN OWNER OF REAL ESTATE MAY, HOWEVER, DISCLOSE SUCH INFORMATION TO A POTENTIAL PURCHASER OR LESSEE OF REAL ESTATE IF: (1) THE BROKER OR AGENT OBTAINS A WRITTEN REQUEST TO DISCLOSE FROM THE PURCHASER OR LESSEE; (2) THE PURCHASER OR LESSEE IS IN THE PROCESS OF MAKING A BONA FIDE OFFER; (3) THE AGENT HAS OBTAINED THE CONSENT OF THE OWNER TO DISCLOSE SUCH INFORMATION; AND (4) SUCH DISCLOSURE WOULD NOT VIOLATE ANY APPLICABLE PRIVACY LAWS.
(KATHLYN A. RHODES)
("AIDS"/OPEN MEETING ACT)